UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-cv-20760

SUELI DE SOUZA BARBOSA ANASTACIO, Individually and as Personal Representative of the Estate of LUIS ROBERTO ANASTACIO,

    Plaintiff,

v.

AIRBUS S.A.S, a foreign corporation.; AIRBUS AMERICAS, INC., a Delaware corporation; AIRBUS AMERICAS SALES, INC., a Delaware corporation; HONEYWELL INTERNATIONAL, INC., a Delaware corporation; THALES GROUP, a foreign corporation; THALES U.S.A., INC., a Delaware corporation; THALES AVIONICS, INC., a Delaware corporation; MOTOROLA, INC., a Delaware corporation; INTEL CORPORATION, a Delaware corporation; ROCKWELL COLLINS CO., a Delaware corporation; HAMILTON SUNDSTRAND CORP., a Delaware corporation; GENERAL ELECTRIC CO., a New York corporation; GE AVIATION SYSTEMS, LLC, a Delaware corporation; GOODRICH CORP. a New York corporation; ROSEMOUNT AEROSPACE, INC., a Delaware corporation, DUPONT CO., a Delaware corporation; JUDD WIRE CO., a Delaware corporation; and RAYCHEM CO., a Delaware corporation,

    Defendant(s).

_____/

**DEFENDANT AIRBUS AMERICAS SALES, INC.'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
<u>AND SUPPORTING MEMORANDUM OF LAW</u>**

# TABLE OF AUTHORITIES

**CASES**                                                                         **PAGE(S)**

*Adams v. I-Flow Corp.*,
   No. CV09-09550-R, 2010 WL 1339948 (C.D. Cal. Mar. 30, 2010) ........................................ 8

*Appalachian Enters., Inc. v. ePayment Solutions, Ltd.*,
   No. 01 CV 11502, 2004 WL 2813121 (S.D.N.Y. Dec. 8, 2004) ........................................... 9

*Atuahene v. City of Hartford*,
   10 Fed. Appx. 33 (2d Cir. 2001) ......................................................................................... 8

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................... 4, 8

*Brooks v. CSX Transportation, Inc.*,
   No. 3:09-CV-379-J-32HTS, 2009 WL 3208708 (M.D. Fla. Sept. 29, 2009) .......................... 7

*Byrne v. Nezhat*,
   261 F.3d 1075 (11th Cir. 2001) ........................................................................................... 4

*Classen Immunotherapies, Inc. v. Biogen IDEC*,
   No. Civ. WDQ-04-2607, 2005 WL 1936166 (D. Md. July 22, 2005) ................................... 9

*Committee for Immigrant Rights of Sonoma Cty. v. County of Sonoma*,
   644 F. Supp. 2d 1177 (N.D. Cal. 2009) ............................................................................. 8

*Cook v. Smith*,
   No. 8:04CV1116T23, 2006 WL 580991 (M.D. Fla. Mar. 8, 2006) ................................... 11

*Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Group, Ltd.*,
   No. 05-60080-Civ., 2008 WL 926512 (S.D. Fla. Mar. 31, 2008) .................................. 9, 10

*Dania Jai-Alai Palace, Inc. v. Sykes*,
   450 So. 2d 1114 (Fla. 1984) ............................................................................................. 10

*DeSisto College, Inc. v. Line*,
   888 F.2d 755 (11th Cir. 1989) ............................................................................................ 8

*Evans v. McClain of Ga., Inc.*,
   131 F.3d 957 (11th Cir. 1997) ............................................................................................ 5

*In re Plywood Antitrust Litigation*,
   655 F.2d 627 (5th Cir. 1981) ............................................................................................... 4

# TABLE OF AUTHORITIES (cont'd.)

PAGE(S)

*Keys Jeep Eagle, Inc. v. Chrysler Corp.*,
 897 F. Supp. 1437 (S.D. Fla. 1995) .................................................................... 10

*Lane v. Capital Acquisitions & Mgmt. Co.*,
 No. 04-60602 CIV, 2006 WL 4590705 (S.D. Fla. April 14, 2006) ..................... 8, 9

*Magluta v. Samples*,
 256 F.3d 1282 (11th Cir. 2001) ............................................................................ 5

*Meterlogic, Inc. v. Copier Solutions, Inc.*,
 126 F. Supp. 2d 1346 (S.D. Fla. 2000) ............................................................... 11

*Moore v. Miami-Dade County*,
 No. 06-22705, 2007 WL 2302481 (S.D. Fla. July 18, 2007) ............................... 4

*Oxford Asset Mgmt., Ltd. v. Jaharis*,
 297 F.3d 1182 (11th Cir. 2002) ............................................................................ 4

*Pro Image Installers, Inc. v. Dillon*,
 No. 3:08-CV-273, 2009 WL 112953 (N. D. Fla. Jan. 15, 2009) ................. 4, 5, 8, 9

*Reflectone, Inc. v. Farrand Optical Co.*,
 862 F.2d 841 (11th Cir. 1989) ............................................................................ 10

*Roe v. Aware Woman Center for Choice, Inc.*,
 253 F.3d 678 (11th Cir. 2001) .............................................................................. 4

*Salahuddin v. Cuomo*,
 861 F.2d 40 (2d Cir. 1988) ................................................................................... 3

*Swierkiewicz v. Sorema N.A.*,
 534 U.S. 506 (2002) ............................................................................................. 3

*Thomas v. Hickman*,
 No. CV-F-06-0215, 2006 WL 2868967 (E.D. Cal. Oct. 6, 2006) ........................ 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a) ....................................................................................... 1, 3, 4

Fed. R. Civ. P. 12(e) ............................................................................................ 9

Without waiver of any rights, privileges, or defenses, and without conceding the appropriateness of this forum for ultimate resolution of this dispute, Airbus Americas Sales, Inc. ("Airbus Sales") files this Motion to Dismiss Plaintiffs' Complaint and Supporting Memorandum of Law.

## INTRODUCTION

This lawsuit arises out of the June 1, 2009 crash of Air France Flight 447 while en route from Rio de Janeiro, Brazil to Paris, France (the "Accident"). Plaintiffs have sued Airbus Sales in this lawsuit though it did not manufacture, market, or sell the aircraft involved in the Accident, or train its pilots. Indeed, Airbus Sales' inclusion in this lawsuit seems to be based solely on its alleged affiliation with Defendant Airbus S.A.S., the manufacturer of the aircraft. Plaintiffs offer no factual allegations specific to Airbus Sales that would support their claims or otherwise explain Airbus Sales' presence in this lawsuit. As a result, Plaintiff's Complaint for Wrongful Death ("Complaint") must be dismissed for the following reasons:

First, in violation of the pleading standards of Federal Rule of Civil Procedure 8(a), the Complaint improperly lumps together Airbus Sales, Airbus S.A.S., and Airbus Americas, Inc. ("Airbus Americas") as a single entity, referring to them throughout the Complaint as "Airbus." Despite the Complaint's express acknowledgement that Airbus Sales, Airbus S.A.S., and Airbus Americas are separately incorporated entities with principal places of business in Miami, Florida, Toulouse, France, and Herndon, Virginia, respectively, the Plaintiffs improperly ascribe various duties and breaches of those duties to "Airbus" without distinguishing among the three separate corporate entities. This deliberate effort to obscure the distinctions between the defendants cannot absolve the Plaintiffs of their obligations under Rule 8(a) to provide a "short and plain

1

statement" of the allegations against each defendant. Conclusory allegations about what "Airbus" did or failed to do are no substitute for facts.

Second, to the extent that the Plaintiffs seek to hold Airbus Sales liable for the acts or omissions of Airbus S.A.S. or Airbus Americas, the Complaint provides no factual basis for piercing the corporate veil or imposing any other form of vicarious liability. As a result, Plaintiffs have failed to allege any facts that, if proven, would state a claim for relief against Airbus Sales—directly or indirectly.

For these reasons, and for those discussed below, Airbus Sales moves to dismiss the Complaint pursuant to Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

Air France Flight 447 ("AF 447"), an Airbus A330-203 aircraft registered F-GZCP (the "Aircraft"), departed Rio de Janeiro, Brazil bound for Paris, France on May 31, 2009. Cmplt. at ¶ 40. After an apparently normal takeoff, no communications were received from AF 447 after 2:14:26 UTC on June 1, 2009. At 7:45 UTC on June 1, 2009, the French Bureau d'Enquêtes et d'Analyses pour le Sécurité de l'Aviation Civile ("BEA") was notified by Air France that contact with AF 447 had been lost, and that the aircraft had not arrived as scheduled at Paris-Charles de Gaulle. It was determined that the aircraft had disappeared over international waters.

A search and rescue effort was commenced. On June 6, 2009, the search teams located parts of the Aircraft and human remains. While a number of the bodies of the deceased and parts of the Aircraft have been recovered, the Aircraft's Digital Flight Data Recorder and Cockpit Voice Recorder have not been located. All 216 passengers and 12 crew members are presumed dead. The French BEA is conducting the official investigation into the Accident, which remains ongoing. To date, the BEA has made no final conclusions regarding the cause of the Accident.

This lawsuit was commenced approximately nine months after the Accident. Plaintiffs, the purported heirs and successors in interest to a passenger on AF 447, seek pecuniary and non-pecuniary damages against various defendants, including Airbus Sales. Cmplt. at ¶¶ 3-4; 60. Airbus Sales was served with process on April 12, 2010; upon information and belief, neither Airbus S.A.S. nor Airbus Americas has yet been served.

## ARGUMENT

The Complaint must be dismissed because it fails to provide fair notice of the claims and allegations against Airbus Sales in violation of Rule 8(a). The Complaint further fails to allege any facts that would support a finding of vicarious liability against Airbus Sales.

### I. PLAINTIFFS' COMPLAINT FAILS TO GIVE FAIR NOTICE OF THE CLAIMS AGAINST AIRBUS SALES AND SHOULD BE DISMISSED.

The Court should dismiss all claims against Airbus Sales because the Complaint fails to allege any facts specific to Airbus Sales, and relies on blanket factual allegations that fail to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Despite its express recognition that the three "Airbus" defendants are legally distinct entities, the Complaint offers no concrete allegations regarding the acts or omissions of Airbus Sales that are supposed to have contributed to the Accident. As a result, under any interpretation of Rule 8(a) of the Federal Rules of Civil Procedure, the First Amended Complaint falls well short of an adequate statement of the claims against Airbus Sales.

#### A. Legal standard.

To satisfy the notice pleading standard of Rule 8 of the Federal Rules of Civil Procedure, the complaint must "give the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Such notice enables a defendant to answer and prepare for trial. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d

Cir. 1988). To satisfy Rule 8, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*"). "[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (citing *In re Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir. 1981)).

In addition, the plaintiff must offer "enough facts to state a claim to relief that is *plausible on its face*." *Twombly*, 550 U.S. at 570 (emphasis added). The plaintiff's factual allegations must rise above the "speculative level" and provide a "'plain statement' [that] possess[es] enough heft to 'show that the pleader is entitled to relief.'" *Id.* at 557 (citing Fed. R. Civ. P. 8(a)). Although the Court must treat the plaintiff's factual allegations as true, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citation omitted). In *Moore v. Miami-Dade County*, No. 06-22705, 2007 WL 2302481, at *2 (S.D. Fla. July 18, 2007), this Court recognized that, in the wake of *Twombly*, plaintiffs can only survive a motion to dismiss if they are able to "nudge [their] claims across the line from conceivable to plausible."

The Eleventh Circuit has also held that a complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a "shotgun pleading" subject to dismissal under Rule 8(a)(2). *See Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001); *see also Pro Image Installers, Inc. v. Dillon*, No. 3:08-CV-273, 2009 WL

4

112953, at *2 (N. D. Fla. Jan. 15, 2009) ("Dismissal is an appropriate remedy for a violation of Rule 8"). Dismissal may be "especially appropriate" where the plaintiff attempts to hold one defendant liable for the acts of other defendants. *Pro Image*, 2009 WL 112953 at *2 (citing *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (affirming dismissal of complaint that, *inter alia*, named all defendants in each count without differentiation). Whether a complaint gives reasonable notice of the plaintiff's claims is a question of law. *Evans v. McClain of Ga., Inc.*, 131 F.3d 957, 964 n. 2 (11th Cir. 1997).

> **B. Because the Complaint lumps together its allegations without differentiating between defendants, it fails to provide fair notice of Plaintiffs' claims against Airbus Sales.**

The Complaint violates Rule 8(a)'s fair notice requirement by lumping the defendants together throughout, offering no specific allegations against any of them. As a result, none of the defendants can assess the claims against them or identify which allegations are directed at which defendants. As discussed below, this "shotgun" approach to pleading has been rejected routinely by the Eleventh Circuit and other federal courts.

Each of the "Airbus" defendants in this lawsuit is a legally distinct corporation: Airbus S.A.S. is a French corporation with its principal place of business in Toulouse, France; Airbus Sales is a Delaware corporation with its principal place of business in Miami, Florida; and Airbus Americas is a Delaware corporation with its principal place of business in Herndon, Virginia. Cmplt. at ¶ 5. As their names suggest, Airbus Sales and Airbus Americas are U.S.-based companies that provide sales, marketing, and customer support services for Airbus S.A.S. Despite its express acknowledgment that each "Airbus" defendant is a separate entity, Paragraph 5 of the Complaint goes on to define Airbus Sales, Airbus S.A.S., and Airbus Americas

collectively as "Airbus"—and, indeed, the three defendants are referred to collectively throughout the remainder of the 59-page Complaint.

Plaintiffs' failure to allege any facts specific to any of the three "Airbus" defendants makes it impossible for Airbus Sales to identify the specific allegations against it and defend itself against them. For example, the Complaint alleges that "Defendants" owed the Plaintiffs "a duty to design and manufacture the aircraft and its component parts in such a way that they were reasonably safe, free of defects, and would not cause injury or death to aircraft passengers," and that "Defendants" breached these duties "by defectively designing the Subject Aircraft and its component parts . . . [and] defectively manufacturing the Subject Aircraft and its component parts[.]" Cmplt. at ¶ 58 (alleging negligence by the "Airbus Defendants"). By this allegation, Plaintiffs appear to be alleging that the three "Airbus Defendants" designed and manufactured the Aircraft in concert—impossible, given that the U.S. defendants are, as their names and places of business suggest, principally engaged in U.S. sales and customer support. But the Complaint offers no express allegations suggesting any relevant connection between Airbus Sales and Airbus S.A.S., the Aircraft's manufacturer.[1]

The Complaint further alleges that the Aircraft involved in the Accident was "defective and unreasonably dangerous, and left the custody and control of Defendants in that defective and unsafe condition." Cmplt. at ¶ 62 (alleging strict products liability against the "Airbus Defendants"). But nowhere does the Complaint allege that the Aircraft was ever in the "custody and control" of Airbus Sales—nor could it. Airbus Sales is not, and is not separately alleged to be, a designer or manufacturer of the Aircraft. Nor does the Complaint offer any factual allegations as to how, when, or where Airbus Sales became responsible for the condition of the

---

[1] Indeed, the Complaint does not expressly allege that the three "Airbus" defendants are affiliated in any way. See Cmplt. at ¶ 5.

6

Aircraft. The Complaint does not allege, for example, that Airbus Sales sold the Aircraft to Air France, or that Airbus Sales provided training or parts for the Aircraft to Air France.

Instead, the Complaint obscures the critical distinctions between the defendants by referring to them jointly, without distinction or differentiation, throughout the Complaint:

- "Defendants designed, manufactured, assembled, marketed, and sold the Subject Aircraft and its component parts, as alleged above." Cmplt. at ¶ 62.

- "Defendants owed Plaintiffs and their decedents a duty to design and manufacture the aircraft and its component parts in such a way that they were reasonably safe, free of defects, and would not cause injury or death to aircraft passengers." Cmplt. at ¶ 57.

- "Defendants breached their duties to Plaintiffs and their decedents by defectively designing the Subject Aircraft and its component parts, as alleged above." Cmplt. at ¶ 58.

- "Defendants knew that their defective products were to be used in a commercial aircraft, and any such defect was likely to result in serious injury or death." Cmplt. at ¶ 62.

- "Defendants further failed to provide warnings to each other, Plaintiffs' decedent, and Plaintiffs of the defective and unreasonably dangerous design and manufacturing defects present in their products used aboard the Subject Aircraft[.]" Cmplt. at ¶ 64.

The Plaintiffs' consistent use of the vague terms "Airbus" and "Defendants" to describe these alleged acts and omissions of three different corporations on two continents simply renders the Complaint unanswerable. As in *Brooks v. CSX Transportation, Inc.*, "[t]he complaint fails to specify which claim is brought against which defendant, or to align specific conduct with each claim and defendant." *See* No. 3:09-CV-379-J-32HTS, 2009 WL 3208708, at *3 (M.D. Fla. Sept. 29, 2009).

The Eleventh Circuit has specifically rejected this practice of "lumping" together the alleged actions of multiple defendants because it violates the fair notice requirements of Rule

7

8(a).[2] *See DeSisto College, Inc. v. Line*, 888 F.2d 755, 761, 763-64 (11th Cir. 1989) (affirming district court's insistence that the plaintiff "separate the facts against each defendant"). Following the Eleventh Circuit's lead, district courts throughout the circuit have held that complaints that "lump all the defendants together in each claim and provide no factual basis to distinguish their conduct" fail to satisfy Rule 8. *See Lane v. Capital Acquisitions & Mgmt. Co.*, No. 04-60602 CIV 2006 WL 4590705, at *5 (S.D. Fla. April 14, 2006). In *Lane*, plaintiffs alleged separate causes of action against five defendants who were referred to collectively throughout the complaint as "Defendant." *Id.* The defendants moved to dismiss, and argued that the plaintiffs' allegations failed to meet Rule 8's pleading standards. This Court agreed: "By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiffs'] Complaint fails to satisfy the minimum standard of Rule 8." *Id.* (citing *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001)). As a result, the Court held, "the individual defendants cannot determine from the face of the Complaint which acts or omissions the Plaintiffs seek to hold each of them liable." *Id.*

Similarly, in *Pro Image Installers, Inc. v. Dillon*, the plaintiff's complaint lumped eight distinct defendants together, did not "distinguish[] the eight defendants from each other," and

---

[2] On April 14, 2010, the Judicial Panel on Multidistrict Litigation issued its Transfer Order consolidating for pre-trial purposes several cases arising out of this Accident in the Northern District of California before the Hon. Charles R. Breyer (the "Transfer Order"). This action has been identified as a potential "tag-along" action for transfer to the Northern District of California under the Transfer Order. In the event that this action is transferred to the Northern District of California before this Motion is considered, Airbus Sales would note that district courts in the Ninth Circuit—following the requirements of Rule 8(a) and the Supreme Court's guidance in *Twombly*—have reached the same conclusions as courts in the Eleventh Circuit regarding vague allegations against distinct defendants. *See, e.g., Adams v. I-Flow Corp.*, No. CV09-09550-R, 2010 WL 1339948, at *3 (C.D. Cal. Mar. 30, 2010) (dismissing plaintiffs' complaint for lumping together claims against different defendants and holding that, "[t]o state a claim against any of the defendants, each *plaintiff must allege that each defendant caused his or her alleged injuries*") (emphasis added); *Committee for Immigrant Rights of Sonoma Cty. v. County of Sonoma*, 644 F. Supp. 2d 1177, 1200-01 (N.D. Cal. 2009) (dismissing complaint where plaintiffs failed to allege facts connecting individual defendants to alleged wrongs); *Thomas v. Hickman*, No. CV-F-06-0215, 2006 WL 2868967, at *12 (E.D. Cal. Oct. 6, 2006) (same).

"implicate[d] all eight defendants acting in concert for [plaintiff's] loss." *See* No. 3:08-CV-273, 2009 WL 112953, at *2 (N.D. Fla. Jan. 15, 2009). As a result, the court found that plaintiffs' complaint failed to meet "even the minimum pleading standard of Rule 8(a)" because it did not provide "adequate notice to each defendant of the nature of the claims against it." *See id.* (citing *Lane*, 2006 WL 4590705 (S.D. Fla. 2006)). Accordingly, the court dismissed the complaint, which failed to "make factual distinctions between the acts" of several defendants, without prejudice.[3] *See id.* at **1-2; *Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Group, Ltd.*, No. 05-60080-Civ. 2008 WL 926512, at *3 (S.D. Fla. Mar. 31, 2008) (dismissing claims against subsidiaries of target defendant where plaintiff's complaint "provid[ed] minimal individualized allegations to distinguish their conduct, even though their roles were different"). Courts elsewhere have similarly concluded that a plaintiff fails to comply with Rule 8(a) where the complaint "lump[s] all the defendants together and fail[s] to distinguish their conduct because such allegations fail to give adequate notice to the defendants as to what they did wrong." *Appalachian Enters., Inc. v. ePayment Solutions, Ltd.*, No. 01 CV 11502, 2004 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004); *Classen Immunotherapies, Inc. v. Biogen IDEC*, No. Civ. WDQ-04-2607, 2005 WL 1936166, at *2 (D. Md. July 22, 2005).

As in each of these cases, Airbus Sales cannot determine from the face of the Complaint which acts or omissions the Plaintiffs accuse it of committing. The Complaint simply does not contain a single substantive factual allegation against Airbus Sales individually. By lumping together the Airbus defendants and the allegations against them, the Complaint fails to provide fair notice of the claims against any of them or sufficient factual allegations to render it plausible

---

[3] In dismissing the original complaint, the *Pro Image* court rejected plaintiff's argument that, "rather than filing a motion to dismiss, the Rule 8 Defendants should have sought clarification by filing a motion for more definite statement under Fed. R. Civ. P. 12(e)." *See id.* at **1-2.

that Airbus Sales actually contributed to any harm suffered by the Plaintiffs. As a result, the Complaint fails to comply with Rule 8(a) and should be dismissed.

### C. To the extent Plaintiffs seek to impose vicarious liability on Airbus Sales for the acts or omissions of any other defendant, the Complaint fails to state a claim for relief and should be dismissed.

To the extent that the Complaint seeks to hold Airbus Sales liable for the acts or omissions of Airbus S.A.S. or Airbus Americas, Plaintiffs have failed to state a cognizable claim for relief. As shown by their consistent practice of referring to all three defendants as "Airbus," Plaintiffs apparently seek to attribute to Airbus Sales the alleged acts and obligations of the other defendants. Plaintiffs have not alleged facts that would support such a finding under any theory.

Generally, a parent corporation will not be held liable for the actions of a subsidiary unless the subsidiary is deemed to be a mere instrumentality of the parent and the subsidiary was formed for an improper purpose. *See Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 845 (11th Cir. 1989) (Florida law); *Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Group, Ltd.*, No. 05-60080-Civ. 2008 WL 926512, at *3 n.3 (S.D. Fla. Mar. 31, 2008) (dismissing plaintiff's complaint). The Complaint offers no allegations that would support a finding on either element. First, Plaintiffs do not contend that Airbus Sales was incorporated for an improper or fraudulent purpose. *See Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1120-21 (Fla. 1984) (holding that the "corporate veil" will not be pierced "unless it is shown that [a] corporation was organized or used to mislead creditors or to perpetrate a fraud upon them . . . In the absence of pleading and proof that the corporation was organized for an illegal purpose [the plaintiff] cannot be heard to question the corporate existence."); *see also Keys Jeep Eagle, Inc. v. Chrysler Corp.*, 897 F. Supp. 1437, 1442 (S.D. Fla. 1995). Second, Airbus Sales cannot be deemed a "mere instrumentality" of Airbus S.A.S. or Airbus Americas because the Complaint

fails to allege that either company dominated Airbus Sales' operations. *See Cook v. Smith*, No. 8:04CV1116T23, 2006 WL 580991, at **2-3 (M.D. Fla. Mar. 8, 2006).

Nor have Plaintiffs alleged any facts that would support a finding of an agency relationship between Airbus Sales and either Airbus S.A.S. or Airbus Americas. For a parent company to be liable for its subsidiary's acts under an agency theory, the parent's control over the subsidiary must be substantial: "the parent corporation . . . must exercise control to the extent the subsidiary manifests *no separate corporate interests of its own* and functions solely to achieve the purposes of the dominant corporation." *Meterlogic, Inc. v. Copier Solutions, Inc.*, 126 F. Supp. 2d 1346, 1356 (S.D. Fla. 2000) (emphasis added). As above, Plaintiffs make no allegations that either Airbus S.A.S. or Airbus Americas exercised control over Airbus Sales, let alone that any such control met the high standard necessary to establish an agency relationship.

As a result, to the extent the Complaint seeks to hold Airbus Sales liable for the acts or omissions of any other defendant in this suit, Plaintiffs have failed to allege any facts that would support a finding of vicarious liability and accordingly it should be dismissed.

## CONCLUSION

For the foregoing reasons, Airbus Sales respectfully moves this Court to dismiss Plaintiff's Complaint and for such other and further relief to which it may show itself to be entitled.

Dated:  May 3, 2010

                                        Respectfully submitted,

                                        s/Alvin F. Lindsay
                                        Alvin F. Lindsay (FBN 939056)
                                        alvin.lindsay@hoganlovells.com
                                        HOGAN LOVELLS US LLP
                                        f/k/a HOGAN & HARTSON LLP
                                        1111 Brickell Avenue, Ste. 1900
                                        Miami, Florida 33131
                                        Tel.:  (305) 459-6500
                                        Fax:  (305) 459-6550

                                        ***Attorneys for Airbus S.A.S.***

Of counsel:

Thad T. Dameris, Esq.
thad.dameris@hoganlovells.com
Trevor R. Jefferies, Esq.
trevor.jefferies@hoganlovells.com
Bruce D. Oakley, Esq.
bruce.oakley@hoganlovells.com
Christopher M. Odell, Esq.
christopher.odell@hoganlovells.com
HOGAN LOVELLS US LLP
f/k/a HOGAN & HARTSON LLP
700 Louisiana Street, Suite 4300
Houston, Texas 77002
Tel.:  (713) 632-1400
Fax:  (713) 583-6297

13

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Noticed of Electronic Filing.

*s/Alvin F. Lindsay*

## SERVICE LIST

*Via CM/ECF*
Ricardo M. Martinez-Cid
Aaron S. Podhurst
Steven C. Marks
PODHURST ORSECK, P.A.
25 West Flagler Street, Ste. 800
Miami, Florida 33130